Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill. (Browne & Phelps and Thomas L. Mead, Jr., all of Washington, D. C., of counsel), for appellant.

Ward & Crosby, of New York City (Joshua Ward, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the opposition of appellant, and holding that appellee was entitled to the registration of the trade-mark "Solvit-All" for use on sanitary solvents for cleaning, disinfecting, and deodorizing toilet bowls and similar articles.

In its application for registration filed March 29, 1928, appellee alleged that it had used its trade-mark since November 17, 1927.

It appears from the record that appellant has used its trade-mark "Solvite" since 1924 on a cleaning preparation, used, when mixed with gasoline, for cleaning garments, draperies, fabrics, rugs, carpets, automobile seats, and other articles from which it is desired to remove "greasy and other substances"; that appellant's product is in the form of paste, and is sold throughout the United States in small cartons to drug stores, grocery stores, department stores, hardware stores, hospitals, garages, corset companies, and other concerns; and that appellant has expended large sums of money in advertising its product and its trade-mark. It also appears from the record that appellee's product is sold to grocery and department stores, and that appellee has made some effort to sell it to drug stores.

Appellee's product is in liquid form, is sold in small containers, and is applied with a brush to the surfaces to be cleaned and deodorized.

The tribunals below concurred in holding that appellant was the first to adopt and use its mark, that the goods of the parties were not of the same descriptive properties, and that the involved marks were not confusingly similar.

It is true that the goods of the parties do not possess, entirely, the same essential characteristics. Nevertheless the purposes for which they are used are of the same general nature, and are closely associated and related. They are both used for cleaning purposes by the general public, are sold in the same stores, and, although a purchaser would not confuse the two products, confusion as to their origin would probably result should the parties use their trade-marks concurrently.

We are of opinion, therefore, that the goods are of the same general class and possess the same descriptive properties within the principles heretofore announced by this court. California Packing Corporation v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; B. F. Goodrich Co. v. Hockmeyer (Zipon Mfg. Co., Substituted), 40 F. (2d) 99, 17 C. C. P. A. 1068; Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.(2d) 116, 17 C. C. P. A. 1034; Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 17 C. C. P. A. 1103; Cluett, Peabody & Co., Inc., v. Hartogensis (Arrow Emblem Co., Inc., Substituted), 41 F.(2d) 94, 17 C. C. P. A. 1166; Kotex Co. v. McArthur, 45 F.(2d) 256, 18 C. C. P. A. ——; Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C. C. P. A. ——.

That the marks are confusingly similar is evident, and requires no discussion.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.

## In re CARLSON.
### Patent Appeal No. 2712.

Court of Customs and Patent Appeals. April 29, 1931.

Howard L. Fischer, of St. Paul, Minn. (A. Ponack, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an ex parte appeal from a decision of the Board of Appeals of the United States Patent Office rejecting claims 1, 2, 3, and 4 in appellant's application for an invention relating to a child's bib, the lower front part of which contains a tray construction.

The application discloses a child's bib containing at the bottom a pocket or tray which is for the purpose of catching particles of food dropped by the child when eating. The exhibit of the goods which appellant is merchandising is made in accordance with her application disclosure, and is made from a light-colored cloth, which is starchy and more or less stiff. The body of the bib lies flat against the child's chest, and the lower edge is arcuated so that a crescent-shaped pocket or tray member stands out from the flat portion of the bib. The character of standing out and forming a pocket is brought about by the more or less stiff character of the cloth and the fact that the pocket member contains more cloth and is longer from side to side than the distance between the two sides when measured in a straight line. The particular structure which causes the pocket to project, we think, is aptly described in the claims, and it is the one feature of the claims which appellant earnestly urges is not disclosed in any of the references cited.

Claim 3 is illustrative, and reads as follows:

"3. A child's bib formed of liquid resisting material including, a body portion, an arcuated edge formed along the lower side of said body portion, a tray portion having arcuated edges of different radiuses, each of which are greater than the radius on said body portion, said edges converging into each other to form pointed ends, and means for attaching one of said arcuated edges of said tray portion to the arcuated edge of said body portion to cause said tray portion to project in an arcuated formation throughout its entire length from said body portion."

The rejection was based upon the following references: Clayton, 193,077, July 17, 1877; Spies, 358,367, February 22, 1887; Small, 636,462, November 7, 1899; Newlin, 704,206, July 8, 1902.

The "liquid resisting material" feature of the claim is old, and it is not seriously contended that it is new.

We think the Board of Appeals was correct in its conclusion that the references clearly anticipated the disclosure of appellant's application, and the claims were properly rejected.

Appellant urges that no reference, except Clayton, discloses the curved pocket effect, and that Clayton is in a nonanalogous art, being a patent for a bathing shoe.

We think Spies anticipates the projecting pocket feature of appellant's disclosure. The drawing and specification in Spies shows that, if the top of the pocket should be wider than the body of the bib, the pocket would project. The drawing shows, and the specification recites, that, if the bottom, which is wider than the body of the bib, is drawn up and fastened to the body, a projecting pocket will result.

The decision of the Board of Appeals is affirmed.

Affirmed.

## MODEL BRASSIERE CO., Inc., v. BROMLEY-SHEPARD CO., Inc.

### No. 2648.

Court of Customs and Patent Appeals.
April 29, 1931.